UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| ROBERT OSSIE DINKINS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-180 |
| ) | |
| v. ) | HON. R. ALLAN EDGAR |
| ) | |
| UNKNOWN PARTIES, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pᴜʙ. L. Nᴏ. 104-134, 110 Sᴛᴀᴛ. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff Robert Ossie Dinkins, a federal prisoner at the Jefferson City Correctional in Jefferson City, Missouri, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Unknown Parties, named as "Court Officer, State of Michigan, U.S. District Court," "State of Michigan Detroit private security agent" Stepheing Reynolds, and Robert Reynolds "State of Michigan Detroit." The allegations in Plaintiff's complaint are largely incoherent and include claims that the denial of medical services violates the Eighth Amendment, that either consent or a search warrant is required for the FBI to enter one's home or search one's clothing. Plaintiff seeks the following relief:

> Contact Stepheing Reynolds concerning this complaint to recommend reopen of the private security agency company which she has CID for my name to be place on title including all property of Robert M. Reynolds boats coin collections vehicals [sic] home material to grant motions [illegible] their request that consist of the [illegible] of documents of property policys [sic] of PSAC [illegible] their [illegible] given to grant free loan to cover taxes fees any orders concerning employment [illegible] fees appointment of counsel savings account investigation on a [sic] issue [illegible] for the court to have open mind any documents necessary concerning the progress of my complaint.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff fails to clearly allege any set of facts showing that the named Defendants in this case violated his constitutional rights. to prevail on a Section 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Because Plaintiff has failed to make such a showing, his complaint is properly dismissed as frivolous and failing to state a claim.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   11/3/08              /s/ R. Allan Edgar
                R. ALLAN EDGAR
                UNITED STATES DISTRICT JUDGE